# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**WAYNE CHRISTIAN**

        **Plaintiff,**

    **v.**                         **Civil Action 2:25-cv-1056**
                                     **Judge Algenon L. Marbley**
                                     **Magistrate Judge Chelsey M. Vascura**

**JOSEPH J. BRUZZESE, JR.,** *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Wayne Christian, an Ohio inmate who is proceeding without the assistance of counsel, brings claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 ("FDJA") and 42 U.S.C. § 1983 against Jefferson County Court of Common Pleas Judge, Joseph J. Bruzzese, Jr. ("Judge Bruzzese"); Jefferson County Prosecutor, Jane Hanlin, ("Prosecutor Hanlin"); and Ohio Attorney General, David Yost, ("AG Yost"). This matter is before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1–1), under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failing to state a claim, or for lack of subject matter jurisdiction, or because claims are barred.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $983.00 in his prison account.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A521–627) at Trumball Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

In 2007, Plaintiff, who was an adult, had sex with a 16-year-old girl after having been diagnosed as HIV-positive. A jury in the Jefferson County Court of Common Pleas convicted him on nine counts of violating Ohio Revised Code 2903.11(B)(3), which criminalizes sexual contact between adults who know they are HIV-positive and minors. He was sentenced to 40 years' imprisonment and classified as a sexual predator.

The online dockets[1] for the Jefferson County Court of Common Pleas and the Ohio Supreme Court show that Plaintiff's intermediate appeal was unsuccessful and that he failed to timely seek review in the Ohio Supreme Court. Despite that failure, he later filed multiple motions in state court seeking various forms of relief including reopening his appeal, reconsideration, and a declaratory relief. None were successful.

In 2018, Plaintiff filed a federal habeas petition in this Court challenging R.C. 2903.11(B)(3) on Equal Protection grounds, arguing that the statute unlawfully treats HIV-positive adults differently than adults with other sexually transmitted diseases. *See Christian v. Bracey*, No. 2:18-cv-652, 2019 WL 2314631, at *1 (S.D. Ohio May 31, 2019).[2] The petition was denied in June 2019 as time barred. *Id*. Plaintiff reports that he later filed a motion for new trial in the Jefferson County Court of Common Pleas, which was denied on May 23, 2024. (Compl., PageID #14, ECF No. 1-1.) He further states that his subsequent appeal was denied, and he now has a notice of appeal pending before the Supreme Court of Ohio. (*Id*.)

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] Docketed in this Court as *Wayne Christian v. Charmaine Bracey*, 2:18-cv-00652-JLG-KAJ.

Plaintiff's current Complaint again asserts that R.C. 2903.11(B)(3) violates the Equal Protection Clause by treating HIV-positive adults differently than adults with other sexually transmitted diseases. He brings that claim under the FDJA. Although he does not expressly invoke § 1983, he cites 28 U.S.C. § 1343(a)(3), § 1983's jurisdictional counterpart.[3] Plaintiff sues all three Defendants in their official capacities and seeks a declaration that R.C. 2903.11(B)(3) "is unconstitutional—either on its face or as applied to him . . . allowing him to then file for a state writ of habeas corpus (or receive a new trial)." (Compl., PageID #15, ECF No. 1-1.)

## A.    Plaintiff's Improper Allegations

As a preliminary matter, Plaintiff's Complaint repeatedly identifies the minor victim by her full name or her surname. She is presumably an adult now, but her privacy interests warrant continued protection. The Clerk is therefore **DIRECTED** to redact her name from Plaintiff's current filing. (ECF No. 1–1.) Plaintiff is **ORDERED** to refer to her only by her first and last initials in all future filings.

## B.    Judge Bruzzese and Prosecutor Hanlin

Plaintiff's official-capacity claims against Judge Bruzzese and Prosecutor Hanlin must be **DISMISSED**. These claims are barred by sovereign immunity. *See Smith v. Lincoln*, No. 24-1035, 2024 WL 5338140, at *2 (6th Cir. Sept. 18, 2024) (holding that sovereign immunity shielded a state-court judge and prosecutor from official-capacity claims). Plaintiff alleges no facts regarding these Defendants, let alone facts suggesting that any exception to sovereign immunity might apply.

---

[3] "Despite the different wording of the substantive and jurisdictional provisions, when the § 1983 claim alleges constitutional violations, § 1343(3) provides jurisdiction and both sections are construed identically." *Lynch v. Household Fin. Corp.,* 405 U.S. 538, 543–48, and n.7 (1972).

Additionally, Plaintiff's claim is a constitutional challenge to R.C. 2903.11(B)(3). This Court "lacks subject-matter jurisdiction over a challenge to a state statute brought under § 1983 against a state-court judge when, in the underlying action, the judge merely acted in an adjudicatory capacity to construe and apply the statute." *Lindke v. Tomlinson*, 31 F.4th 487, 495 (6th Cir. 2022). In such challenges, the parties are not adverse to one another, and therefore there is no case or controversy that can confer subject-matter jurisdiction. *Id*. Again, Plaintiff makes no factual allegations about Judge Bruzzese let alone any allegations that he acted in any way other than as an adjudicator.

## C.    AG Yost

Plaintiff's claim against AG Yost must also be **DISMISSED**. Again, Plaintiff's claim is that the Ohio statute he was convicted of violating is unconstitutional under the Equal Protection Clause. Although Plaintiff does not ask this Court to vacate his state-court conviction, he states that he intends to use a favorable declaratory judgment to have his state-court conviction vacated and to obtain his release from prison. (Compl., PageID # 15, ECF No. 1–1.)

### 1.    The FDJA

To the extent Plaintiff proceeds under the FDJA, his claim fails. "[F]ederal declaratory judgment proceedings cannot be used by a prisoner as a means of attack upon a State criminal judgment under which he is confined." *Morton v. Avery*, 393 F.2d 138, 138–39 (6th Cir. 1968). *Accord Christopher v. State of Iowa*, 324 F.2d 180, 181 (8th Cir. 1963); *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir. 1953). Here, "[a]ny declaration that the criminal statute under which Plaintiff was convicted is invalid would equate to a review of the judgment." *Halfacre v. Arkansas*, No. 4:11CV00138 JMM, 2011 WL 1042291, at *1 (E.D. Ark. Mar. 21, 2011) (finding

inmate could not use FDJA to challenge the constitutionality of a state's aggravated burglary statute he had been convicted of violating).

Such a review of judgment is limited to the habeas sections of Title 28 of the United States Code. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("The disruptive effects of [a declaratory] action . . . are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.") Consequently, Plaintiff's only remedy in federal district court is habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). It is well settled, however, that a declaratory judgement cannot be used as a substitute for a habeas petition. *Morton*, 393 F.2d at 139 ("[A]n action for declaratory judgment cannot be used as a substitute for a writ of habeas corpus"); *Ruip v. Commonwealth of Ky.*, 400 F.2d 871, 872 (6th Cir. 1968) (holding that declaratory judgment procedures cannot be used as substitute for appeal, habeas corpus, or coram nobis and could not be used by federal prisoner to attack state indictment); *Scruggs v. Henderson*, 380 F.2d 981, 982 (6th Cir. 1967) (upholding district court's determination that the FDJA may not be used as substitute for habeas corpus); *Forsythe v. State of Ohio*, 333 F.2d 678, 679 (6th Cir. 1964) ("We are satisfied that the [FDJA] cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison."). This rule is not based on the wording of the FDJA, but instead upon the judicial refusal to allow prisoners to circumvent habeas requirements such as exhaustion of state remedies.

8

Plaintiff's habeas petition was denied by this Court as time-barred, and he was not granted a certificate of appealability. *Christian*, 2019 WL 2314631, at *1, 4. His recourse was to seek a certificate of appealability from the United States Court of Appeals for the Sixth Circuit. He did not do so. He cannot use the FDJA to indirectly revive his habeas claim.

**2.      § 1983**

Liberally construed, Plaintiff also seeks to proceed under § 1983. A series of United States Supreme Court cases have "addressed the relationship between § 1983 and the federal habeas statutes." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Those "cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

The Sixth Circuit recently described the two-part test used to determine if a prisoner can proceed under § 1983 or must proceed in habeas. "[P]risoners can proceed under § 1983 if (1) they do not seek an injunction ordering immediate or speedier release into the community, and (2) a favorable judgment would not necessarily imply the invalidity of their convictions or sentences." *Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024) (quoting *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011)) (cleaned up); *Tyler v. McKenzie*, No. 24-5749, 2025 WL 475830, at *1 (6th Cir. Jan. 14, 2025) (same). *See also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("Thus, when a state prisoner seeks damages or declaratory relief in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

9

Here, Plaintiff challenges the constitutionality of the statute under which he was convicted; he identifies his "ongoing incarceration" as his injury; and he expressly seeks relief that would allow him to undo his convictions in state court. (Compl., PageID #15, ECF No. 1–1.) Success on his claim would therefore necessarily imply the invalidity of his conviction. Therefore, he cannot proceed under § 1983.

Even if § 1983 was theoretically available, Plaintiff's § 1983 claim would be time-barred. Section 1983 borrows Ohio's two-year statute of limitations. R.C. 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). Under the prison mailbox rule, an inmate's Complaint is ordinarily deemed filed on the date that it is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff did not sign his Complaint, but he signed the civil cover sheet on June 26, 2025, which is deemed as the file date. (ECF No. 1–2.)

A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the claim. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Plaintiff was convicted on January 18, 2007; his direct appeal was filed on February 7, 2007, and his convictions were affirmed on December 28, 2007. Through reasonable diligence, he would have known the basis for his Equal Protection claim at the time of his direct appeal. Thus, he had until February 7, 2009, or perhaps December 28, 2009 to file a § 1983 claim. His June 26, 2025 Complaint was filed more than fifteen years after those dates. For these reasons, even if Plaintiff could proceed under § 1983, his claim would be untimely.

## III.    DISPOSITION

For the reasons above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). It is further **RECOMMENDED** that Plaintiff's claims against Judge Bruzzese and Prosecutor Hanlin be **DISMISSED** because they

are barred by sovereign immunity, or the Court lacks subject matter jurisdiction. In addition, it is **RECOMMENDED** that Plaintiff's FDJA claim against AG Yost be **DISMISSED** and that Plaintiff's § 1983 claim against AG Yost be **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to redact the minor victim's full name or her surname from Plaintiff's current filing (ECF No. 1–1). Plaintiff is **ORDERED** to refer to her in all his future filings by her first and last initials. Plaintiff is additionally **ORDERED** to refer to this case and his prior habeas case, *Wayne Christian v. Charmaine Bracey*, 2:18-cv-00652-JLG-KAJ, in any future filings in any federal court.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

11

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE